UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Rosemary D. Pierce

    v.      Case No. 21-cv-404-JL

Riverbend Mental Health

**REPORT AND RECOMMENDATION**

Plaintiff Rosemary D. Pierce, appearing pro se, has sued Riverbend Mental Health ("RMH"), alleging that RMH personnel wrongfully reported to the New Hampshire Bureau of Elderly and Adult Services ("BEAS") that Ms. Pierce was neglecting herself, a report which was determined to be unfounded. See Complaint (Doc. No. 1). The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1). For the reasons that follow, the district judge should dismiss this lawsuit because the court lacks subject matter jurisdiction over Ms. Pierce's claim.

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings, like Ms. Pierce's, which are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is

immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background[1]

On March 12, 2021, BEAS received a report that the plaintiff was neglecting herself. (Doc. No. 1-1). Plaintiff alleges that a psychiatric nurse practitioner at RMH filed that report. In accordance with N.H. Rev. Stat. Ann. §§ 161-F:42-57, BEAS conducted a protective investigation. Id. On May 6, 2021, BEAS notified Ms. Pierce that BEAS determined that the report was unfounded. Ms. Pierce alleges in her Complaint that the

---

[1] The facts recited in this section are drawn from the complaint (Doc. No. 1) and documents attached thereto. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014).

report could have led to her losing income and access to food and housing.

## **Analysis**

<u>Subject Matter Jurisdiction</u>

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The plaintiff has the burden to establish the court's jurisdiction. Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

To invoke this court's subject matter jurisdiction, Ms. Pierce must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. See id. at § 1332(b).

Construing Ms. Pierce's complaint liberally, the court will examine both potential sources of subject matter jurisdiction.

1. Diversity Jurisdiction

To establish diversity jurisdiction, plaintiff must show that the parties are citizens of different states and that the amount in controversy is more than $75,000.  See 28 U.S.C. § 1332.  "[D]iversity jurisdiction requires 'complete diversity of citizenship as between all plaintiffs and all defendants.'  This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53–54 (1st Cir. 2009) (citations omitted).  Here, the face of the complaint indicates that both Ms. Pierce and RMH are New Hampshire citizens.  See Bearbones, Inc. v. Peerless Indem. Ins. Co., 936 F.3d 12, 15 (1st Cir. 2019) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.") (quoting 28 U.S.C. § 1332(c)(1)).

The allegations in the Complaint therefore fail to satisfy the requirement of diversity jurisdiction.

2. Federal Question Jurisdiction

To the extent Ms. Pierce claims that RMH violated her constitutional rights, "[t]he Constitution 'erects no shield against merely private conduct, however . . . wrongful.'" Woodham v. Scheffer, No. 20-cv-304-LM, 2021 WL 739271, at *1 (D.N.H. Jan. 29, 2021) (quoting Blum v. Yaretsky, 457 U.S. 991,

4

1002 (1982)). The Complaint therefore fails to establish federal question jurisdiction.

## Conclusion

For the reasons set forth herein, the undersigned recommends that the district judge assigned to this case dismiss it for lack of subject matter jurisdiction.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 6, 2021

cc: Rosemary D. Pierce